| | | |
|---|---|---|
| ROSHAWN MCGEE, | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| v. | ) | No. 1:26-cv-95-CEA/MJD |
| | ) | |
| MARKSMAN SECURITY, LLC. | ) | |
| | ) | |
| *Defendant.* | ) | |

## MEMORANDUM AND ORDER

This case is filed pro se and without prepayment of fees by Plaintiff Roshawn McGee ("Plaintiff"). Currently before the Court are Plaintiff's complaint [Doc. 2, the "Complaint"] and Plaintiff's application to proceed *in forma pauperis* ("IFP") [Doc. 1]. Plaintiff's IFP application will be granted, as the Court determines Plaintiff qualifies to proceed IFP. However, no process shall issue at this time because the Court finds that Plaintiff's claim is insufficiently pled. The Court will allow Plaintiff 30 days to amend her Complaint to address the deficiencies.

## I.      STANDARDS

A litigant may commence a civil action in federal court without paying the administrative costs of the lawsuit, when the litigant demonstrates she is unable to pay court costs and fees. 28 U.S.C. § 1915(a). A district court may, however, dismiss such a Complaint if it is frivolous, it fails to state a claim upon which relief can be granted, or it seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); *see Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

The standard required by § 1915(e)(2) to properly state a claim for which relief can be granted is the same standard required by Federal Rule of Civil Procedure 12(b)(6). *Brand v.*

*Motley*, 526 F.3d 921, 924 (6th Cir. 2008); *accord Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007). To avoid dismissal under Rule 12(b)(6), a Complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A Complaint need not state "detailed factual allegations." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). However, it must contain more than mere "labels and conclusions, . . . a formulaic recitation of the elements," or "naked assertions . . . without further factual enhancement." *Id.* at 555, 557 (citations omitted). Rather, a Complaint must contain sufficient facts to "state a claim to relief that is plausible on its face." *Id.* at 570. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that defendant has acted unlawfully." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (citing *Twombly,* 550 U.S. at 556). Stated differently, "the court must be able to draw a 'reasonable inference that the defendant is liable for the misconduct alleged.'" *KSR Int'l Co. v. Delphi Auto. Sys.,* 523 F. App'x 357, 358–59 (6th Cir. 2013) (quoting *Iqbal,* 556 U.S. at 678).

A "frivolous" claim, subject to dismissal under § 1915(e)(2)(B)(i), is one that is based on "an indisputably meritless legal theory," or on allegations of "infringement of a legal interest which clearly does not exist." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). Such claims are described as "clearly baseless," "fanciful," "fantastic," or "delusional." *Id.* at 327–28.

In applying these standards, the Court also considers that the pleadings of pro se litigants are to be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Nevertheless, pro se plaintiffs must abide by "basic pleading standards," and the role of the court is not to "conjure allegations on a litigant's behalf." *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004) (internal quotation marks and citations omitted). "[P]ro se litigants are not

relieved of the duty to develop claims with an appropriate degree of specificity." *Kafele v. Lerner, Sampson, Rothfuss, L.P.A*, 161 F. App'x 487, 491 (6th Cir. 2005).

Finally, federal courts are courts of limited jurisdiction. When presented with a case, federal courts "presume" they lack jurisdiction until the party asserting jurisdiction demonstrates otherwise. *Renne v. Geary*, 501 U.S. 312, 316 (1991) (citing *Bender v. Williamsport Area School Dist.*, 475 U.S. 534, 546 (1986)). Further, if at any time the Court determines it lacks subject matter jurisdiction, the Court "must dismiss the action." Fed. R. Civ. P. 12(h)(3).

## II. ANALYSIS

Plaintiff asserts one claim of retaliation under Title VII of the Civil Rights Act of 1964. 42 U.S.C. § 2000e. Plaintiff identifies herself as "a member of a protected class under Title VII" [Doc. 2 at Page ID # 11, ¶ 2] and, beginning with Paragraph 10, sets forth the following factual allegations:

10. Plaintiff was employed as a security officer.

11. Plaintiff raised concerns regarding inconsistent enforcement of assignments.

12. Plaintiff submitted a written complaint regarding unequal treatment and hostile conditions.

13. Plaintiff engaged in protected activity.

14. Plaintiff was terminated on or about February 26, 2025.

15. The temporal proximity supports retaliation.

16. Similarly situated employees outside of Plaintiff's protected class were treated more favorably.

17. Defendant's stated reasons were pretextual.

18. Plaintiff suffered damages.

[Doc. 2 at Page ID # 12].

3

Plaintiff then lists the following "Claim for Relief" – Retaliation

19.     Plaintiff incorporates all prior paragraphs.

20.     Plaintiff engaged in protected activity.

21.     Defendant took adverse action.

22.     A causal connection exists.

[Doc. 2 at Page ID # 12–13].

For relief, Plaintiff seeks: "judgment, damages, and relief deemed appropriate by the Court." [Doc. 2 at Page ID # 13].

**Title VII Retaliation Claim**

Plaintiff asserts a claim of retaliation under Title VII of the Civil Rights Act of 1964, which protects employees and job applicants from employment discrimination based on race, color, religion, sex, and national origin. 42 U.S.C. § 2000e. At the pleading stage, "[t]o survive dismissal, [a plaintiff's] Complaint must contain factual allegations that, accepted as true, are sufficient to support a plausible inference that . . . she was retaliated against for engaging in protected conduct." *See Robinette v. Promedica Pathology Labs*, No. 20-3338, 2021 WL 1158181, at *1 (6th Cir. Jan. 5, 2021) (citing 42 U.S.C. § 2000e-3(a); *Hunter v. Sec'y of U.S. Army*, 565 F.3d 986, 995–96 (6th Cir. 2009)).

To establish a prima facie case of retaliation under Title VII, a plaintiff must prove that "(1) she engaged in activity protected by Title VII; (2) this exercise of protected rights was known to defendant; (3) defendant thereafter took adverse employment action against the plaintiff, or the plaintiff was subjected to severe or pervasive retaliatory harassment by a supervisor; and (4) there was a causal connection between the protected activity and the adverse employment action or harassment." *Morris v. Oldham County Fiscal Court,* 201 F.3d 784, 792 (6th Cir. 2000). In some

4

cases, temporal proximity between a protected activity and an adverse action can establish a causal connection where the two occur "very close in time." *See Mickey v. Zeidler Tool and Die Co.*, 516 F.3d 516, 524–25 (6th Cir. 2008) (collecting cases). The Court will address these elements in turn.

First, based on the limited factual allegations in the Complaint, the protected activity appears to be that Plaintiff "raised concerns regarding inconsistent enforcement of assignments" and "submitted a written complaint regarding unequal treatment and hostile conditions." [Doc. 2 at Page ID # 12, ¶¶ 11–12 ]. However, Plaintiff has failed to indicate or explain how these activities were related to her (or another employee's) race, sex, or other protected characteristics under Title VII. In other words, without more information, it is impossible for the Court to determine whether such activities were potentially protected under Title VII.[1]

Second, Plaintiff does not allege with whom she raised concerns or to whom she submitted a complaint. Therefore, there is insufficient information in the Complaint that her employer, Defendant Marksman Security, LLC, was on notice of any such protected activity—an essential element of a retaliation claim under Title VII.

Third, Plaintiff alleges that she was terminated on February 26, 2025, as a result of this protected activity and that "temporal proximity supports retaliation." [Doc. 2 at Page ID # 12, ¶¶ 14–15]. However, Plaintiff fails to include any date upon which she engaged in any alleged protected activity. It is therefore impossible to determine whether these actions took place sufficiently "close in time" to her termination so as to potentially provide a basis for a Title VII retaliation claim.

---

[1] Plaintiff makes the conclusory assertion that she is a member of a protected class but does not explain how [*See* Doc. 2 at Page ID # 11, ¶ 2]. Similarly, Plaintiff asserts that some other employees were outside of her protected class but does not explain how. [*See* Doc. 2 at Page ID # 12, ¶ 16].

Accordingly, at this screening stage and accepting, as the Court must, Plaintiff's allegations and all inferences as true, the Court finds Plaintiff has failed to state a claim for Title VII retaliation.

## III.    CONCLUSION

Plaintiff has failed to allege facts sufficient to state a Title VII claim for retaliation. If Plaintiff intends to pursue this claim further, she is **ORDERED** to file an amended complaint by **June 4, 2026**, which must be labeled as the "Amended Complaint." The Amended Complaint may not incorporate the original Complaint or any other documents by reference. It must be complete in itself in accordance with the Local Rules for this Court.[2] The Court emphasizes the foregoing discussion does not necessarily address all defects in Plaintiff's claims as currently drafted.

To be clear, if Plaintiff chooses to file an Amended Complaint, Plaintiff must address the factual deficiencies referenced herein, or the Complaint may be subject to dismissal. As noted above, Plaintiff's IFP application [Doc. 1] is **GRANTED** as the Court determines she lacks sufficient financial resources to pay the filing fee.

The Clerk **SHALL NOT** issue process until further order of the Court.

SO ORDERED.

ENTER:

/s/ _____
MIKE DUMITRU
UNITED STATES MAGISTRATE JUDGE

---

[2] The Court's Local Rules are available at:
https://www.tned.uscourts.gov/sites/tned/files/localrules.pdf.

6