| | | |
|---|---|---|
| ROSHAWN MCGEE, | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| v. | ) | No. 1:26-cv-95-CEA/MJD |
| | ) | |
| MARKSMAN SECURITY, LLC, | ) | |
| | ) | |
| *Defendant.* | ) | |

## MEMORANDUM & ORDER

This case is filed pro se and without prepayment of fees by Plaintiff Roshawn McGee ("Plaintiff"). Currently before the Court is Plaintiff's amended complaint [Doc. 10, the "Amended Complaint"]. On May 5, 2026, the Court entered an order [Doc. 9] granting Plaintiff permission to proceed in forma pauperis ("IFP"), and screening Plaintiff's complaint as required by 28 U.S.C. § 1915(e). The Court found that Plaintiff's claim could be subject to dismissal unless amended, but gave Plaintiff an opportunity to amend her complaint and attempt to address any deficiencies with her claim as drafted. Plaintiff filed an Amended Complaint on July 20, 2026,[1] which is now likewise subject to screening pursuant to 28 U.S.C. § 1915(e). The Court has carefully reviewed the Amended Complaint and finds that that Plaintiff's claim **SURVIVES SCREENING**.

The Clerk of Court is **DIRECTED** to send Plaintiff a service packet (a blank summons and USM-285 form) for Defendant. Plaintiff is **ORDERED** to complete the service packet and return it to the Clerk's office within twenty-one (21) days of receipt of this Order. Plaintiff is

---

[1] Plaintiff's Amended Complaint is untimely, as it was filed after the Court-ordered deadline [*see* Doc. 9]. However, because no parties were prejudiced by Plaintiff's tardiness, the Court will allow the claim to proceed so that it can be addressed on its merits. The Court **FOREWARNS** Plaintiff that her failure to abide by deadlines in this order, future orders, the Court's Local Rules, or the Federal Rules of Civil Procedure, may result in adverse rulings or sanctions.

**WARNED** that if she fails to timely return the completed service packet, this action will be dismissed.

Finally, Plaintiff is **ORDERED** to immediately inform the Court and Defendant's counsel of record of any changes of address in writing. Pursuant to Local Rule 83.13, it is the duty of a pro se party to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. E.D. Tenn. L.R. 83.13. Failure to provide a correct address to this Court within fourteen (14) days of any change in address may result in the dismissal of this action.

**SO ORDERED:**

**ENTER:**

/s/ _____
MIKE DUMITRU
UNITED STATES MAGISTRATE JUDGE